**DELTA ENGINEERING, a partnership; Katherine Martin Lipka, individually and as a partner in Delta Engineering; and Emil Frederick Platske, Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 93–2076.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 2, 1994.

Decided Dec. 1, 1994.

William A. Cohan (argued and briefed), Cohan & Greene, Encinitas, CA, for petitioners-appellants.

Donald A. Davis, Asst. U.S. Atty. (argued and briefed), and Daniel M. LaVille, Office of the U.S. Atty., Grand Rapids, MI, for respondent-appellee.

Before: MARTIN and SUHRHEINRICH, Circuit Judges; and JORDAN, District Judge.*

SUHRHEINRICH, Circuit Judge.

Petitioners Delta Engineering, its partner Katherine Lipka and her father Emil Platske, the previous sole-proprietor, appeal the district court order denying them attor-

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

neys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Petitioners contend that the district court erred in finding that the government was "substantially justified" in seeking a warrant to search the premises of Delta Engineering.

We disagree and **AFFIRM** the order of the district court.

## I.

Emil Platske, a civil engineer who established Delta Engineering, passed the business to his daughter Katherine Lipka and a longtime employee, David Henson, in 1987, when the two formed a partnership to operate the business. Henson supervised engineering aspects of the business, and Lipka supervised the administrative and accounting aspects of the business. Platske continued to provide advice to the partners and acted as in-house engineer.

In 1988, Platske was convicted of willful failure to file his individual income tax returns for the tax years 1981–1984. Platske served time in a federal prison and a halfway house. While in the halfway house, Platske worked for Delta Engineering as part of his work release program.

The Lipka–Henson partnership dissolved in June 1991, and thereafter Lipka operated the business as a sole proprietorship. In October 1991, Henson contacted Richard VanDop, an agent of the Internal Revenue Service ("IRS"), with information about the manner in which Delta was being operated. Henson alleged that his partnership with Lipka was a sham, perpetrated to prevent the IRS from seizing Platske's assets to satisfy tax liabilities and to conceal the nature, sources and amount of Platske's income.

During the course of VanDop's investigation into these allegations, he requested a warrant to search Delta Engineering. The magistrate judge issued the warrant, and on November 4, 1991, IRS agents executed the warrant. Petitioners filed a Motion for Re-

turn of Property pursuant to Fed.R.Crim.P. 41(e)[1] on March 20, 1992, and requested a *Franks* hearing to determine whether the warrant was supported by probable cause pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). On December 8, 1992, the district court denied the request for a *Franks* hearing and held that petitioners were entitled to the return of the documents seized or a copy of those documents regardless of the legality of the search because they established a possessory interest, and they were aggrieved by the deprivation.

The government returned the documents. Thereafter, claimants filed a motion for attorneys' fees and costs. The district court entered an order denying the motion, holding that the government's position was substantially justified. Claimants appeal.

## II.

■ Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must *not* have been substantially justified. 28 U.S.C. § 1412. The government's "position" comprehends both the United States' underlying action and its litigation position. 28 U.S.C. § 2412(d)(1)(A), (d)(2)(D); *Jones v. Lujan,* 887 F.2d 1096, 1098 (D.C.Cir.1989). The Supreme Court held that "substantially justified" means " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

Here, the district court held that claimants met the first two criteria, but failed to establish the third. We review that decision un-

---

1. Rule 41(e), Fed.R.Crim.P. provides in part:
   A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court ... for the return of the property on the ground that such person is entitled to lawful possession of the proper-

ty.... If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.

der an abuse of discretion standard. *Pierce,* 487 U.S. at 563, 108 S.Ct. at 2549.

The sole issue raised on appeal is whether the position of the government was substantially justified.[2] Accordingly we address only that issue.

### III.

In reaching its conclusion that the government's position was substantially justified, the district court found that the government's request for a search warrant was the underlying action to be examined. This is only part of the "position" that must be substantially justified, as the statute defines position as including both the underlying and litigation position.

In assessing the underlying position, the district court relied on the fact that the magistrate judge issued a search warrant. This objective indicia of justification is not sufficient in and of itself, however, so the district court also examined the merits of the litigation position. The government's opposition to the motion for a *Franks* hearing and return of property constitutes the litigation position. We address both below.

■ A search warrant is invalid if a movant establishes that: (1) a factual statement made in an affidavit supporting a warrant is false; (2) the affiant made the false statement "knowingly and intentionally or with reckless disregard for the truth"; and (3) without the false statements, the remainder of the affidavit is insufficient to establish probable cause. *Franks,* 438 U.S. at 155–56, 98 S.Ct. at 2676–77.

■ In assessing the validity of the warrant, the district court noted that the affidavit accompanying the warrant application was supplied by a special agent with the IRS Criminal Investigation Division, who had been employed as an agent for seventeen years. The district court concluded, based on the agent's length of experience, that the government could reasonably expect that the agent knew when an application for a warrant was justified. Further, the affidavit indicated that an informant provided the information in support of the application for the warrant and that the informant proved reliable when verification from other sources was possible. Accordingly, the district court found that the government position in seeking the warrant was substantially justified.

In addition to the information provided by the informant, VanDop asserted that Emil Platske had not filed a valid income tax return for any year since 1980, and did not report income from his engineering business. VanDop stated that Platske had a prior conviction for failure to file tax returns; that Platske continued to send tax protest literature to a district court judge; and that Platske's wife likewise filed no return, yet she reported that in a 1991 robbery, approximately $17,000 in currency was taken. Accordingly, the district court concluded that even without the information provided by Henson, the agent possessed enough information for a reasonable person to feel justified in seeking a search warrant. We agree.

Our agreement is not swayed by petitioners' contention that VanDop omitted material information and included false statements. Petitioners argue that because the informant, David Henson, was forced out of his partnership in Delta, his motive for informing the IRS about the skimming operation is suspect. We refuse to equate a suspect motive for giving information with unreliability, particularly here, where Henson's partnership role in the company placed him in a position to have inside knowledge as to what was occurring in the business.

Petitioners also argue that VanDop concealed Henson's identity. We draw no conclusion as to the trustworthiness of the affidavit based on the fact that Henson remained unidentified as the informant.

2. The only case that discusses whether the EAJA is applicable to a motion for return of property brought pursuant to Fed.R.Crim.P. 41(e), *Purcell v. United States,* 908 F.2d 434 (9th Cir.1990), held that until criminal proceedings have been initiated against the movant, a motion for return of property is an equitable civil proceeding. Additionally, it is well established in this circuit that courts have jurisdiction to hear Rule 41(e) motions in the absence of criminal proceedings. *White Fabricating Co. v. United States,* 903 F.2d 404, 408 (6th Cir.1990).

**263**

Finally, petitioners argue that Henson's 1990 tax return shows the falsity of Henson's allegation that Platske transferred titular ownership of the business because Henson received profit shares from the partnership. We disagree. Henson's tax returns do not establish a contradiction of his allegation that claimants were skimming funds from the business. Despite petitioners' contention that because their income tax returns reveal no misconduct, Henson's information was misleading, one would expect that petitioners' income tax returns concealed their misconduct. That is precisely what the investigators hoped to discover through an examination of business records.

■ The government must have probable cause to seize property. Here, it did. The fact that charges have not been brought against claimants does not, standing alone, evidence a lack of probable cause. We find that the district court did not abuse its discretion in finding that the government's underlying position was substantially justified.

■ Nor do we find the government's litigation position fails the substantial justification test. Petitioners moved for return of their property based on the theory that the government illegally seized the property. The government asserted that the motion was filed prematurely because the matter was under investigation by the IRS Criminal Investigation Division and cited case law supporting its position. Further, it indicated that VanDop had returned seized records and offered petitioners the opportunity to copy documents at petitioners' expense. Although the district court eventually ordered the government to provide copies of seized documents at its own expense, the government's offer to allow the claimants access to their property but refusal to pay was substantially justified. Rule 41(e) does not assign to the government the duty to bear copying costs. Moreover, the basis upon which the petitioners prevailed was not a theory they advanced in their motion.

Accordingly, we find that the government's litigation position was substantially justified

and that the district court properly denied the petitioners' motion for attorneys' fees.

Accordingly, we **AFFIRM.**