**$8,050.00 IN U.S. CURRENCY,**
**(Michael Alston, Claimant)**
**Petitioner,**

v.

**UNITED STATES of America,**
**et al., Respondents.**

**No. 1:03MC99.**

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 25, 2004.

Deanna Robertson, Cleveland, OH, for Michael Alston, Claimant.

Herbert J. Villa, Office of the U.S. Attorney, Northern District of Ohio, Cleveland, OH, for United States of America, Drug Enforcement Administration, U.S. Department of Justice, Respondents.

## MEMORANDUM OF OPINION AND ORDER

POLSTER, District Judge.

Before the Court in this miscellaneous matter is a Petition for the Return of Illegally Seized Property and Equitable Relief from Illegal Seizure, filed by Claimant Michael Alston pursuant to Federal Rule of Criminal Procedure 41(e) (hereafter, the "Rule 41(e) Motion"). For the following reasons, the Rule 41(e) Motion is **DENIED** and the case is **DISMISSED**.

### I.

According to the allegations of the Rule 41(e) Motion, Michael Alston was in line at Cleveland Hopkins Airport on November 7, 2003 to pick up an airline ticket previously purchased by his girlfriend, when a federal officer started questioning him about why he did not purchase his own ticket. *ECF No. 1*, at 1. The officer proceeded to search Alston, at which time the officer found that Alston was carrying $8,250.[1] The officer seized the cash, giving Alston a receipt for the cash seized. *Id.*

On November 20, 2003, Alston filed this Rule 41(e) Motion, seeking the immediate return of his money or an evidentiary hearing, alleging that there were no criminal charges pending against him, the search was unlawful, the Court had jurisdiction to entertain his motion, he was

---

1. Although the case caption states that the property seized was $8,050 in currency, the Department of Justice ("DOJ") Notice states that the officer seized $8,250 in currency. *See ECF No. 2, Exh. A*. The Court assumes that the amount specified in the DOJ's Notice is correct.

irreparably harmed and he had no adequate remedy at law. *ECF No. 1.*

On January 8, 2003, Defendants United States of America and the Drug Enforcement Administration of the U.S. Department of Justice (collectively, the "Government") filed a response to the Rule 41(e) Motion. *ECF No. 2.* The Government argued that Alston must first pursue his administrative remedy prior to seeking a court order requiring return of the property. Attached to the Government's response brief was a copy of a notice the DEA mailed to Alston on December 9, 2003 informing him that it was instituting procedures to administratively forfeit the seized cash. *See ECF No. 2, Govt. Exh. A.* The Notice stated that the cash was seized under 21 U.S.C. § 881 "because the property was used or acquired as a result of a violation of the Controlled Substances Act," and it detailed the steps Alston needed to take in order to have his property returned.[2] *Id.* The Notice provided that if Alston wanted to request the remission or mitigation of the forfeiture, he "must file a petition for remission ... with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice." *Id.* The Notice also stated,

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **January 13, 2004.** The claim need not be made in any particular form (Title 18 U.S.C. Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18 U.S.C., Section

983(1)(2)(C)). . . . Upon the filing of a claim under Title 18 U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

*Id.* (emphasis in original). The Notice set forth the address of the Forfeiture Counsel. *Id.*

Alston filed a reply brief, arguing that the Court had jurisdiction to entertain the Rule 41(e) Motion because no administrative proceeding was pending at the time he filed it. *ECF No. 3.* According to Alston, "This fact alone completely nullifies the Government's request that the matter be dismissed for failure to pursue the administrative remedies available." *Id.,* at 2. Alston cited no case law in support of this legal proposition.

The Government responded by reiterating that Congress mandated the procedures a claimant must follow in order to seek return of seized property. *ECF No. 4.* According to the Government, 18 U.S.C. § 983(a)(2) sets forth the legal remedy which must be followed by a person claiming property seized in an administrative forfeiture proceeding, and since Alston has a specific legal remedy, the equitable rem-

---

**2.** The Notice stated, "You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court." *ECF No. 2, Govt Exh. A.*

edy of Rule 41(e) is not available to him. *ECF No. 2,* at 2. In support, the Government cites *Shaw v. United States,* 891 F.2d 602 (6th Cir.1989) and *United States v. One 1974 Learjet 24D,* 191 F.3d 668, 673 (6th Cir.1999).

Because this question has been fully briefed, the Court is prepared to issue its ruling.

## II.

 Under Fed.R.Crim.P. 41(e):

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated as a motion to suppress under Rule 12.

*Id.* A Rule 41(e) motion for return of property filed before a criminal proceeding has begun is deemed a civil proceeding invoking the district court's equitable powers. *United States v. Search of Music City Mktg., Inc.,* 212 F.3d 920, 923 (6th Cir. 2000) (citations omitted); *United States v. Dusenbery,* 201 F.3d 763, 768 (6th Cir. 2000); *Floyd v. United States,* 860 F.2d 999, 1002 (10th Cir.1988) (citations omitted). A district court's decision to exercise jurisdiction over a Rule 41(e) motion

should be governed by equitable principles, and it should be exercised with caution and restraint. *Floyd,* 860 F.2d at 1002, 1003 (citing *Hunsucker v. Phinney,* 497 F.2d 29, 34 (5th Cir.1974)). The Rule 41(e) movant must show that he will suffer irreparable harm and that there is no adequate remedy at law. *Search of Music City Mktg., Inc.,* 212 F.3d at 923 (6th Cir.2000) (affirming a district court's decision to exercise its equitable jurisdiction to hear a Rule 41(e) motion where the movant showed that it would suffer irreparable harm and that there was no adequate remedy at law); *Floyd,* 860 F.2d at 1003 (citing 3 C. Wright, Fed. Practice And Procedure § 673 (2d ed.1982)).

The civil forfeiture provision of the Controlled Substances Act provides, in pertinent part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . .

(6) All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance..., all proceeds traceable to such an exchange, and all moneys, ... used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). The general rules for civil forfeiture proceedings are located at 18 U.S.C. § 983.

In order to institute a "nonjudicial civil forfeiture proceeding" under a civil forfeiture statute (hereafter "administrative forfeiture proceeding"), the government must provide written notice to interested parties in a manner designed to achieve proper notice as soon as practicable "and in no case more than 60 days after the date of the seizure."[3] 18 U.S.C. § 983(a)(1)(A)(i).

---

**3.** Exceptions to the 60–day requirement, which do not apply in this case, are located at

18 U.S.C. § 983(a)(1)(A)(ii) through (v).

Any person claiming property seized in an administrative forfeiture proceeding may file a claim for return of the property with the appropriate official after the seizure. 18 U.S.C. § 983(a)(2)(A). The § 983(a) claim may be filed without posting bond. 18 U.S.C. § 983(a)(2)(E). The claim shall be made under oath, and shall identify the property being claimed and the claimant's interest in the property. 18 U.S.C. § 983(a)(2)(C). The § 983(a) claim need not be made in any particular form, but the federal agency conducting administrative forfeitures must make claim forms generally available upon request. 18 U.S.C. § 983(a)(2)(D). The government must either file a judicial complaint for forfeiture, or return the property pending the filing of such complaint, no later than 90 days after the § 983(a) claim is filed. 18 U.S.C. § 983(a)(3)(A). In addition to filing a civil forfeiture complaint, the government may include the forfeiture allegation in a criminal indictment. 18 U.S.C. § 983(a)(3)(C). "If criminal forfeiture is the only forfeiture proceeding commenced by the government, the government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute." *Id.*

Any person entitled to written notice in an administrative forfeiture proceeding who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the seized property. 18 U.S.C. § 983(e).

A person who can show that continued possession by the government of the seized property will cause him substantial hardship, may file a claim for immediate release of the seized property under 18 U.S.C. § 983(f). A claimant seeking release of the property under this section must request possession of the property from the appropriate official. 18 U.S.C. § 983(f)(2). If the seized property has not been released within 15 days of filing this administrative claim, the claimant may file a petition in the district court for the district in which the property was seized. 18 U.S.C. § 983(f)(3).

## III.

In the instant case, Alston filed his Rule 41(e) Motion prior to receiving notice that the DEA was instituting an administrative forfeiture proceeding as to the seized property. Because no administrative forfeiture proceeding was pending at that time, the filing of that Motion was entirely proper. However, three weeks after Alston filed his Rule 41(e) Motion, the DEA notified him that it was instituting "procedures to administratively forfeit this property . . ." *ECF No. 2, Exh. A.* The question for the Court is whether Alston can show that his remedy at law is inadequate and that he is suffering irreparable harm.

Alston asserts that "he has no adequate remedy at law to seek the return of his property." *Id.* ¶ 7. In support of this contention, Alston argues that the fact that he filed the Rule 41(e) Motion before the government instituted administrative forfeiture proceedings against the seized property "completely nullifies the Government's request that the matter be dismissed for failure to pursue the administrative remedies available." *ECF No. 3,* at 2. Alston cites no case law in support of this legal conclusion.

Although there is no case law on point in the Sixth Circuit, *Shaw v. United States,* 891 F.2d 602 (6th Cir.1989), is instructive. In *Shaw,* a woman (Katherine Ann Shaw) was on board a plane at the Memphis Airport when federal agents seized $45,008 from her. Although no criminal charges were brought against her, she filed a Criminal Rule 41(e) motion for return of her property. It was not until after the district court issued an order requiring the government to show cause why her prop-

erty should not be returned, that the government instituted civil forfeiture proceedings against the seized property under 21 U.S.C. § 881. The district court then denied Shaw's motion for return of property on the grounds that there was an adequate remedy at law which she failed to pursue. Because she had an adequate remedy at law, the equitable remedy of Rule 41(e) was not available to her.

The Sixth Circuit affirmed this ruling, citing three circuits which held that a claimant may not use Rule 41(e) to bypass the statutory procedures where the government had brought civil forfeiture actions. *Shaw*, 891 F.2d at 603 (citing *United States v. United States Currency*, 851 F.2d 1231 (9th Cir.1988)); *In re Harper*, 835 F.2d 1273 (8th Cir.1988); *In re Seizure Warrant*, 830 F.2d 372 (D.C.Cir. 1987). The Sixth Circuit determined that once the government initiated civil proceedings, Shaw was required to follow the statutory procedures. The Sixth Circuit found that Shaw ignored those procedures, seeking instead to use the equitable remedy of Rule 41(e) rather than pursuing her legal remedy, and concluded, "Under standard equity doctrine, where there is an adequate remedy at law it must be pursued." *Shaw*, 891 F.2d at 603. In so holding, the Sixth Circuit distinguished *Shaw* from *Floyd v. United States*, 860 F.2d 999 (10th Cir.1988), a case in which the Tenth Circuit affirmed a district court's decision to exercise jurisdiction over a Rule 41(e) motion where the government failed to institute civil forfeiture proceedings until after that court held a hearing and ruled on that motion. *Shaw*, 891 F.2d at 603–04.

Here, Alston does not complain that he received no notice or inadequate notice of the administrative forfeiture proceedings. Indeed, the government sent notice of the administrative proceedings to him well within the 60–day period for providing such notice. While the notice provided that Alston could contest the forfeiture of the seized property in the United States District Court, it stated that in order to do so, he must file an administrative claim with the Forfeiture Counsel of the DEA by January 13, 2004. Alston does not state whether he filed such a claim with the Forfeiture Counsel, and he does not explain why the administrative forfeiture proceeding is an inadequate remedy. Rather, he rests on the position that, because he filed the Rule 41(e) Motion *first*, the Government's argument has no merit. However, "[t]he inquiry should always be equitable and not mechanical, and thus resolution should not turn on a pure race between the parties to file or publish notice." *Floyd*, 860 F.2d at 1004 (citing *United States v. $8,850*, 461 U.S. 555, 569, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983)). More importantly, this argument holds no weight in light of *Shaw*. Given the comprehensive administrative procedures set forth at 18 U.S.C. § 983 for the return of property seized by the Government, outlined *supra*, at 925–26, and the lack of any argument or citation of case law explaining why these procedures are inadequate, the Court can only conclude that Alston has failed to show that his administrative remedy is inadequate.

Because Alston has failed to show that he has an inadequate remedy at law, the Court need not decide whether he has shown irreparable harm.

### IV.

Based on the foregoing, the Rule 41(e) Motion (**ECF No. 1**) is hereby **DENIED** and this miscellaneous case is **DISMISSED.**

**IT IS SO ORDERED.**