Katherine Ann SHAW, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 89–5092.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 7, 1989.

Decided Dec. 14, 1989.

Robert C. Brooks, Edward Witt Chandler, Gardner & Moore, Memphis, Tenn., for plaintiff-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Tony R. Arvin, Asst. U.S. Atty., Memphis, Tenn., for defendant-appellee.

Before MERRITT, Chief Judge; WELLFORD, Circuit Judge; and DeMASCIO, District Judge.*

MERRITT, Chief Judge.

Katherine Ann Shaw appeals the District Court's denial of a motion she filed under Rule 41(e) of the Federal Rules of Criminal Procedure seeking the return of money seized by federal agents. We affirm.

Shaw was on board a plane at Memphis Airport bound for Los Angeles when federal agents seized $45,008 from her. Even though no criminal charges were brought against her, she filed a motion for return of her property under Fed.R.Crim.P. Rule 41(e). Only after the District Court issued an Order compelling the government to show cause why her property should not be returned did the government institute civil forfeiture proceedings under 21 U.S.C. § 881(d).

The District Court denied Shaw's motion for return of her property on the grounds that there was a specific remedy provided for at law which she failed to pursue. *See* 19 U.S.C. § 1608 and § 1618. Thus, the equitable remedy of Rule 41(e) was not available to Shaw.

Three circuits have held that where the government has brought a civil forfeiture action a claimant may not use Rule 41(e) to bypass the statutory procedure provided for. *See United States v. United States Currency*, 851 F.2d 1231 (9th Cir.1988) (government's filing of civil forfeiture action required dismissal of owner's Rule 41(e) motion); *In re Harper*, 835 F.2d 1273 (8th Cir.1988) (even though Rule 41(e) motion filed before civil proceedings initiated, plaintiff not entitled to return of property where he failed to pursue administrative remedies); *In re Seizure Warrant*, 830 F.2d 372 (D.C.Cir.1987) (per curiam) (where civil and not criminal proceeding is pending plaintiff may not invoke Rule 41(e)).

Once the government initiated civil proceedings against her, she was required to follow the statutory procedures set out in 19 U.S.C. §§ 1608 and 1618.[1] Here Shaw ignored those procedures and sought to use the equitable remedy rather than pursuing the legal remedy. Under standard equity doctrine, where there is an adequate remedy at law it must be pursued.

Although the Tenth Circuit held in *Floyd v. United States*, 860 F.2d 999 (10th Cir.

---

* The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. 19 U.S.C. § 1608 requires that the plaintiff file a claim and cost bond with the agency. 19 U.S.C. § 1618 requires that the plaintiff file a petition for remission or mitigation of the forfeiture.

1988), that the district court properly retained jurisdiction [2] even after the government indicated it would initiate civil forfeiture proceedings, that case is readily distinguishable. In *Floyd* the government indicated in an affidavit that it intended to file a civil forfeiture action against Floyd, but did not formally do so until after the district court held a hearing on Floyd's 41(e) motion. *Floyd*, 860 F.2d at 1004. Because notice was not published until after the 41(e) hearing, Floyd could not have availed himself of the appropriate legal remedies. Section 1607 requires that the government publish a notice of intent to seize property. Only after receiving that notice is a plaintiff required to follow the statutory procedures.

Here Shaw received official notice when the DEA mailed a Notice of Seizure to her on June 3, 1988. Since Shaw was given proper notice, she was required to file a claim and cost bond with the DEA within twenty-one days. 19 U.S.C. § 1608.

Because notice was proper and Shaw failed to pursue the remedy at law, the District Court properly denied her motion for return of property under Rule 41(e).

Accordingly, the judgment of the District Court is affirmed.

Judge DeMascio concurs in the result on the grounds that Rule 41(e) does not provide an independent cause of action for return of property.

---

2. In view of the result reached herein, dismissing Shaw's motion, we do not reach the question of jurisdiction.