895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. PARKS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-5505.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1990.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 James W. Parks, a man using a wheelchair, was boarding an airplane at the Memphis International Airport in January or February of 1988. Barnabas Johnson, a companion, was helping Parks board and carrying his luggage. Apparently, Parks or his luggage triggered the metal detector. Security officers and Drug Enforcement Administration agents detained Parks and Johnson, and seized approximately $57,000 Johnson was carrying in a briefcase.
 
 
 2
 At the time of the seizure, Johnson apparently claimed ownership of the money. Parks did not claim ownership of the money. The DEA began administrative forfeiture proceedings against the money under 21 U.S.C. Sec. 881. It sent a written notice to Johnson that the $57,000 was being retained for forfeiture, 19 U.S.C. Sec. 1607(a), but did not send such a notice to Parks. Neither Parks nor Johnson filed a claim with the DEA for the money under 19 U.S.C. Sec. 1608. Subsequently, the DEA declared the money forfeited to the United States. 19 U.S.C. Sec. 1609(a).
 
 
 3
 On April 20, 1988, Parks filed a "Motion To Return Property" under Rule 41(e), Federal Rules of Criminal Procedure, claiming that the seized money was his. Johnson submitted an affidavit which stated that the money belonged to Parks. Parks argued that he could not comply with the statutory remedy provided by 19 U.S.C. Sec. 1608, since he was not informed of the forfeiture proceeding and the forfeiture had already occurred. Thus, he argued, the equitable remedy of Rule 41(e) was the only one available to him. The district court dismissed his motion on January 24, 1989 and Parks appealed.
 
 
 4
 In the Sixth Circuit, Rule 41(e) cannot be used to remedy a party's failure to file a claim to property seized by and subsequently administratively forfeited to the United States under 21 U.S.C. Sec. 881 when that party has received notice of the proposed forfeiture. Shaw v. United States of America, 891 F.2d 602 (6th Cir.1989). By failing to assert ownership of the money in a timely fashion prior to the administrative forfeiture proceeding, Parks is now barred from collaterally attacking the outcome of that proceeding. Cf. United States v. Filing, 410 F.2d 459 (6th Cir.1969). The court did not abuse its discretion by refusing to employ Rule 41(e) to undo what was properly done. Further, it is clear that the government complied with the dictates of 19 U.S.C. Sec. 1607(a) by sending a notice of its forfeiture proceeding to Johnson, since he appeared to have an interest in the money. Parks in fact knew of the seizure. Thus, prior to the forfeiture proceeding, Parks could have forced the DEA to institute such a proceeding or return his property. U.S. v. $8,850, 461 U.S. 555, 569 (1983).
 
 
 5
 As pointed out in the thorough opinion of the district court, Parks had a further statutory remedy of filing a petition for remission of the money after its administrative forfeiture. 19 U.S.C. Sec. 1613(a). He did not avail himself of this legal remedy, and thus is not entitled to an equitable one. Accordingly, the decision of the district court is affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation