956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Property of Sue Ann ARLEDGE.
Sue Ann ARLEDGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1504.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sue Ann Arledge appeals the district court's order denying her Fed.R.Crim.P. 41(e) motion for return of property. Arledge claimed that she was denied due process of law when the government failed to personally notify her that her property was being forfeited. The district court denied the motion, deciding that the government properly published notice in the newspapers after the final forfeiture order was entered, which was all that was required. In addition, the court stated that 18 U.S.C. § 1963(l) provides a judicial remedy which Arledge failed to utilize. As a result, a motion for equitable relief under Fed.R.Crim.P. 41 is not available. See Shaw v. United States, 891 F.2d 602, 603-04 (6th Cir.1989).
 
 
 3
 Arledge raises the same argument on appeal.
 
 
 4
 Upon consideration, we conclude that the district court correctly denied the motion for return of property. There is no allegation in the motion that Arledge did not have actual notice of the forfeiture, the record indicates that she was Thornton's common law wife, and they were represented by the same lawyer. Contrary to counsel's argument in the reply brief, the absence of any such allegation, together with the facts in the record, indicate actual notice. This is sufficient to comply with the due process standard of notice.
 
 
 5
 Accordingly, for the reasons stated in the district court's order entered April 11, 1991, the district court's order is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.