993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie L. GRIFFIN, Defendant-Appellant.
 No. 92-2367.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion for return of property filed under Rule 41(e), Fed.R.Crim.P. In 1992, Lonnie Griffin filed a Fed.R.Crim.P. 41(e) motion for the return of certain property (vehicles and currency) that was the subject of a civil forfeiture in 1990. The government responded and the district court ultimately denied the relief sought. This appeal followed. The parties have briefed the issues; Griffin is proceeding without counsel.
 
 
 3
 The facts are straightforward. Griffin was arrested in 1990 on various drug charges. In the course of the investigation, the government filed a complaint for civil forfeiture under 21 U.S.C. § 881 against several automobiles, tractor trucks, and currency owned by Griffin as the proceeds of illegal drug transactions. Griffin did not contest the seizures at the time although the record indicates that he had actual and constructive notice of the seizures. Griffin subsequently filed the Criminal Rule 41(e) motion in the present case. The district court concluded that it lacked subject matter jurisdiction.
 
 
 4
 The district court's decision was correct. Criminal Rule 41(e) provides, in part, a means by which a person aggrieved by an unlawful search and seizure or deprivation of property may petition for its return on the ground that such person is entitled to the lawful possession of the property. The law is clear, however, that a Rule 41(e) motion will not serve to challenge the result of a civil forfeiture. Fed.R.Crim.P. 54(b)(5) (rules of criminal procedure not applicable to civil forfeiture of property for violation of a statute of the United States). In the Sixth Circuit, Rule 41(e) cannot be used to contest a seizure under 21 U.S.C. § 881 where that party had received notice of the proposed forfeiture. Shaw v. United States, 891 F.2d 602, 603-04 (6th Cir.1989). The appeal lacks merit.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.