43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY 2918 BURNS, DETROIT, MICHIGAN and all
Improvements, Fixtures and Appurtenances, and the
Contents Thereof, Defendant,
Lonnie L. Griffin, Movant-Appellant.
 
 No. 94-1584.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1994.
 Before: MERRITT, Chief Judge; NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Lonnie L. Griffin appeals the denial of his motion for return of property filed in this civil forfeiture action filed under 21 U.S.C. Sec. 881. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the district court in 1991, Griffin was convicted of conspiracy to possess with intent to distribute cocaine, two counts of attempt to possess with intent to distribute cocaine, two counts of possession and aiding and abetting possession with intent to distribute cocaine, two counts of being a felon in possession of a firearm, and structuring a financial transaction to evade reporting requirements. Griffin was sentenced to life imprisonment. This court affirmed the convictions and sentence on direct appeal. United States v. Gray, Nos. 91-1242/1262/1265, 1992 WL 56997 (6th Cir. March 24, 1992) (per curiam).
 
 
 3
 In 1990, the government filed a civil forfeiture complaint and seizure warrant following Griffin's arrest on the underlying drug charges. The record reflects that Griffin received actual and constructive notice, and a stipulation for sale of the real property was executed by Griffin with counsel. However, Griffin did not file an answer to the complaint, and the district court subsequently granted default judgment for the government on its complaint.
 
 
 4
 Approximately one year later, Griffin filed a motion to set aside the default judgment. The government responded in opposition, and the district court denied the motion. On appeal, this court denied Griffin leave to proceed in forma pauperis and ordered him to pay the filing fee. The appeal was dismissed on rehearing for failure to prosecute after Griffin failed to pay the filing fee. United States v. Real Property 2918 Burns, Detroit, Michigan, No. 92-1642 (6th Cir. Oct. 6, 1992) (unpublished).
 
 
 5
 Thereafter, this court affirmed a district court judgment denying Griffin's motion for return of property (vehicles and currency) filed in the underlying criminal case under Fed.R.Crim.P. 41(e). United States v. Griffin, No. 92-2367, 1993 WL 150746 (6th Cir. May 10, 1993). The court affirmed the district court's conclusion that relief under Fed.R.Crim.P. 41(e) was not available to Griffin because he did not contest seizure of the property at issue in another civil forfeiture action filed under 21 U.S.C. Sec. 881.
 
 
 6
 Next, Griffin filed the instant motion and amended motion for return of property in the district court, which was docketed and treated as a motion for relief from the default judgment in this forfeiture action. The motion was denied by the district court. This timely appeal followed and the district court granted Griffin leave to proceed in forma pauperis on appeal.
 
 
 7
 Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in its opinion and order filed March 16, 1994. Griffin's claims are barred because he had a full and fair opportunity to litigate his claims in the earlier forfeiture proceedings. See Allen v. McCurry, 449 U.S. 90, 94-95 (1980).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.