89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael James ARMSTRONG, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-1838.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Michael James Armstrong appeals a district court order denying his motion for return of property filed under Fed.R.Crim.P. 41(e). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his Rule 41(e) motion, Armstrong alleged that the government improperly seized $56,544 from him and so he requested the return of this money. The district court determined that the government had administratively forfeited the funds and that the court lacked authority to reverse this forfeiture. Consequently, the court denied Armstrong's motion. Armstrong has filed a timely appeal.
 
 
 4
 Upon review, we determine that the district court properly denied Armstrong's Fed.R.Crim.P. 41(e) motion. Rule 41(e) provides that an individual aggrieved by an unlawful deprivation of property may move the district court for the return of the property on the ground that the individual is entitled to lawful possession of the property. As will be seen below, however, we do not need to set out the standard of review for Rule 41(e) motions because the district court had no jurisdiction to consider a Rule 41(e) motion in this case.
 
 
 5
 In 1994, an agent of the Drug Enforcement Administration (DEA) seized $56,544 as suspected drug proceeds from Armstrong at the Detroit Metropolitan Airport. The DEA subsequently sent a notice of seizure to Armstrong by certified mail advising him that the currency was to be administratively forfeited. The DEA also published a notice of seizure in the U.S.A. Today newspaper on three separate occasions. After receiving notice of the seizure, Armstrong had two alternatives for challenging the forfeiture of his property. First, he could judicially challenge the forfeiture by filing a claim of ownership and cost bond with the DEA; the matter would then be referred to the United States Attorney and the matter would be contested in district court. 19 U.S.C. § 1608. Second, Armstrong could administratively challenge the forfeiture by filing a petition for remission or mitigation of the forfeiture with the agency. 19 U.S.C. § 1618. However, if the petitioner chooses an administrative challenge, the decision to remit or mitigate the forfeiture is within the domain of the DEA, and once that agency has made its determination on the petition, courts generally have no power to review that decision. Schrob v. Catterson, 948 F.2d 1402, 1412 n. 9 (3d Cir.1991); Averhart v. United States (In The Matter of Sixty Seven Thousand Four Hundred Seventy Dollars), 901 F.2d 1540, 1543-44 (11th Cir.1990). The court may only review the agency's decision to determine if the proceeding conformed with the requirements of due process. United States v. Woodall, 12 F.3d 791, 793 (8th Cir.1993).
 
 
 6
 In this case, Armstrong may not now judicially challenge the forfeiture because he elected to pursue administrative remedies. Armstrong did not file a claim of ownership and cost bond with the DEA; rather, he administratively challenged the forfeiture by filing a petition for remission or mitigation with the DEA. The DEA subsequently denied his petition and administratively forfeited the currency. While Armstrong asserts in conclusory terms that he is raising a due process challenge to the forfeiture, he does not allege any manner in which the agency's forfeiture failed to comply with due process. Indeed, Armstrong's filing of the petition for remission or mitigation reflects that he received advance notice and an opportunity to present his arguments prior to the forfeiture. Moreover, he waived this argument by not making it below. Taft Broadcast Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). As Armstrong is only challenging the underlying DEA decision, he may not now seek review of his claim in the district court through a Rule 41(e) motion. Shaw v. United States, 891 F.2d 602, 603-04 (6th Cir.1989); Linarez v. United States Dep't of Justice, 2 F.3d 208, 211-12 (7th Cir.1993).
 
 
 7
 Upon review, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation