107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moses Mphikeleli TSOTETSI, Defendant-Appellant.
 No. 96-1417.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Moses Mphikeleli Tsotetsi, a federal prisoner proceeding pro se, appeals a district court order denying his motion for return of property filed under Fed.R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On January 11, 1994, Tsotetsi pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin, pursuant to a written plea agreement. The district court sentenced Tsotetsi on April 29, 1994, to 60 months in prison and four years of supervised release. This sentence represented a downward departure in accordance with the government's motion under USSG § 5K1.1. The judgment also provided that, upon his release from incarceration, Tsotetsi would be turned over to the Immigration and Naturalization Service for the institution of deportation proceedings. Tsotetsi did not file a direct appeal.
 
 
 3
 On June 15, 1995, Tsotetsi filed a motion for the return of property under Fed.R.Crim.P. 41(e). In this motion, Tsotetsi admitted that $5,650 of the $8,984 in cash seized from his hotel room on August 26, 1993, were marked government funds used to purchase heroin. However, he claimed that the remaining $3,334 legally belonged to him and that he was never notified of the institution of any forfeiture proceeding against this money. The district court denied Tsotetsi's motion for return of property in an order filed on July 11 and entered on July 12, 1995, on the ground that Tsotetsi could not circumvent the legal requirements and remedies provided by the relevant forfeiture statutes by filing a Rule 41(e) motion
 
 
 4
 On appeal, Tsotetsi argues that the district court abused its discretion by refusing to use its equitable powers to grant relief under Rule 41(e). He requests oral argument in his brief on appeal.
 
 
 5
 The district court properly denied Tsotetsi's motion for return of property. Fed.R.Crim.P. 41(e) provides, in pertinent part:
 
 
 6
 A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.
 
 
 7
 However, Fed.R.Crim.P. 54(b)(5) expressly prohibits courts from utilizing the criminal rules in the context of a civil forfeiture. In addition, this circuit has specifically held that a motion under Rule 41(e) cannot be used to contest a civil forfeiture where that party had received notice of the proposed forfeiture and failed to avail himself of his legal remedies. See Shaw v. United States, 891 F.2d 602, 603-04 (6th Cir.1989). Although Tsotetsi initially claimed that he did not receive notice of the proposed forfeiture, this statement was rejected by the district court in light of the evidence offered by the government. This evidence included a sworn declaration by the Drug Enforcement Agency's (DEA's) Forfeiture Counsel that Tsotetsi had been duly served with notice, a copy of the notice and certified mail receipt acknowledging delivery at the jail in which Tsotetsi was held, and a copy of the notice's publication in the nationally-circulated newspaper USA Today. In his appellate brief, Tsotetsi admits that "the facts show that the DEA published notice and gave written notice to the administrative forfeiture proceedings. Appellant does not contest any of these facts." Instead, Tsotetsi merely argues that the forfeiture was unfair and that the court should use its equitable powers to reverse it. This argument is insufficient to overcome the unambiguous language of the rules and case law.
 
 
 8
 Accordingly, Tsotetsi's request for oral argument is denied. The district court's order, entered on July 12, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.