**UNITED STATES of America, Plaintiff,**

v.

**$70,000.00 IN U.S. CURRENCY, Defendant.**

**No. MC–3–99–051.**

United States District Court, S.D. Ohio, Western Division.

Sept. 5, 2000.

Pamela Stanek, Dayton, OH, for plaintiff.

Charles Smiley, Jr., Dayton, OH, Juanita Hughes, Detroit, MI, for defendant.

DECISION AND ENTRY OVERRULING MOTION FOR RETURN OF PROPERTY (DOC. # 1) FILED BY CLAIMANT CHARLES GERNISKI; CAPTIONED CAUSE DISMISSED IN PART FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF MAY BE GRANTED AND DISMISSED IN PART FOR LACK OF SUBJECT MATTER JURISDICTION; JUDGMENT TO BE ENTERED IN FAVOR OF UNITED STATES AND AGAINST CLAIMANT CHARLES GERNISKI; TERMINATION ENTRY

RICE, Chief Judge.

Claimant Charles Gerniski brings this action under Fed.R.Crim.P. 41(e), seeking the return of $70,000 that police seized from his pick-up truck.[1] Gerniski alleges that he won the money gambling and that he placed it under the seat of his truck to hide it from his wife. Ohio Highway Patrol officers discovered the money in June, 1999, after they stopped the driver of the truck, Marzell Middleton, for traffic violations.[2] The money subsequently was turned over to the Drug Enforcement Agency ("DEA"), which served Gerniski with a notice of seizure dated August 2, 1999. Thereafter, the notice was published in the USA Today newspaper, beginning on August 11, 1999. Gerniski mailed a claim of ownership and cost bond to the DEA on September 1, 1999. The DEA subsequently returned the claim and bond to Gerniski on September 13, 1999, explaining that his submissions were untimely. When returning the claim and bond, the DEA also informed Gerniski that he had additional time to file a petition for remission or mitigation of forfeiture. Gerniski never filed such a petition. On September 24, 1999, Gerniski's money was administratively forfeited to the United States, pursuant to 19 U.S.C. § 1609.

In his present Motion for the Return of Property (Motion, Doc. # 1), Gerniski advances two arguments. First, he contends that his money was seized in violation of the Fourth Amendment. Specifically, he contends that the Ohio Highway Patrol officers lacked probable cause to believe that his money was associated with drug activity. (Memorandum, attached to Doc. # 1 at 5–8). Second, he argues that the DEA's rejection of his claim of ownership and cost bond has resulted in a violation of his Fifth Amendment due process rights. In connection with this argument, Gerniski alleges that the DEA sent him a misleading notice of seizure, which caused him to believe that he had 30 days to file a claim of ownership contesting forfeiture. (Id. at 9–11). In response, the United States cites case law for the proposition that Gerniski cannot invoke Rule 41(e) to contest forfeiture. (Doc. # 5 at 6–9). In support of this argument, the United States also insists that Gerniski received constitutionally adequate notice of the proposed forfeiture, and that the notice of seizure sent to him was not misleading. (Id.). In reply, Gerniski reiterates his belief that the seizure of his money violated the Fourth Amendment. He also insists that his Rule 41(e) Motion is proper, despite his failure to file a timely claim of ownership. Finally, Gerniski attempts to distinguish the case law relied upon by the United States. (Doc. # 6 at 2–6).

■ Upon review, the Court concludes that Gerniski may not utilize Rule 41(e) to

1. Although this action has been captioned, *United States of America v. $70,000 in U.S. Currency,* it is not itself a civil forfeiture action. Rather, Charles Gerniski, who has identified himself herein as the "claimant," commenced this action on October 18, 1999, seeking the return of property pursuant to Fed.R.Crim.P. 41(e). For all practical purposes, then, Gerniski is the Plaintiff, and the United States is the Defendant, despite the fact that Gerniski has identified the United States as the Plaintiff and the $70,000 at issue as the Defendant.

2. Middleton allegedly had borrowed Gerniski's truck at the time of the seizure. (Doc. # 1 at 2).

contest the seizure of his property. In *Shaw v. United States*, 891 F.2d 602 (6th Cir.1989), the Sixth Circuit held that a motion under Rule 41(e) cannot be used to contest a civil forfeiture when a claimant receives notice of a proposed forfeiture and fails to avail himself of his statutory remedies. In relevant part, the *Shaw* court reasoned:

> The District Court denied Shaw's motion for return of her property on the grounds that there was a specific remedy provided for at law which she failed to pursue. *See* 19 U.S.C. § 1608 and § 1618. Thus, the equitable remedy of Rule 41(e) was not available to Shaw.
>
> Three circuits have held that where the government has brought a civil forfeiture action a claimant may not use Rule 41(e) to bypass the statutory procedure provided for. *See United States v. United States Currency*, 851 F.2d 1231 (9th Cir.1988) (government's filing of civil forfeiture action required dismissal of owner's Rule 41(e) motion); *In re Harper*, 835 F.2d 1273 (8th Cir.1988) (even though Rule 41(e) motion filed before civil proceedings initiated, plaintiff not entitled to return of property where he failed to pursue administrative remedies); *In re Seizure Warrant*, 830 F.2d 372 (D.C.Cir.1987) (per curiam) (where civil and not criminal proceeding is pending plaintiff may not invoke Rule 41(e)).
>
> Once the government initiated civil proceedings against her, she was required to follow the statutory procedures set out in 19 U.S.C. §§ 1608 and 1618. Here Shaw ignored those procedures and sought to use the equitable remedy rather than pursuing the legal remedy. Under standard equity doctrine, where there is an adequate remedy at law it must be pursued....
>
> Here Shaw received official notice when the DEA mailed a Notice of Seizure to her on June 3, 1988. Since Shaw was given proper notice, she was required to file a

claim and cost bond with the DEA within twenty-one days. 19 U.S.C. § 1608.

> Because notice was proper and Shaw failed to pursue the remedy at law, the District Court properly denied her motion for return of property under Rule 41(e).

(*Id.* at 603–604) (footnotes omitted).[3]

More recently, in *United States v. Griffin*, 993 F.2d 1548, 1993 WL 150746 (6th Cir. May 10, 1993), the Sixth Circuit reasoned that a district court lacks subject matter jurisdiction even to entertain a Rule 41(e) motion after a judicial forfeiture action has been completed:

> The facts are straightforward. Griffin was arrested in 1990 on various drug charges. In the course of the investigation, the government filed a complaint for civil forfeiture under 21 U.S.C. § 881 against several automobiles, tractor trucks, and currency owned by Griffin as the proceeds of illegal drug transactions. Griffin did not contest the seizures at the time although the record indicates that he had actual and constructive notice of the seizures. Griffin subsequently filed the Criminal Rule 41(e) motion in the present case. The district court concluded that it lacked subject matter jurisdiction.
>
> The district court's decision was correct. Criminal Rule 41(e) provides, in part, a means by which a person aggrieved by an unlawful search and seizure or deprivation of property may petition for its return on the ground that such person is entitled to the lawful possession of the property. The law is clear, however, that a Rule 41(e) motion will not serve to challenge the result of a civil forfeiture. Fed.R.Crim.P. 54(b)(5) (rules of criminal procedure not applicable to civil forfeiture of property for violation of a statute of the United States). In the Sixth Circuit, Rule 41(e) cannot be used to contest a seizure under 21 U.S.C. § 881 where that party had received notice of the proposed forfeiture.... [4]

---

3. *See also United States v. One 1974 Lear Jet*, 191 F.3d 668, 673 (6th Cir.1999) ("After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to

the statutory procedures governing civil forfeiture proceedings.").

4. The *Griffin* court's conclusion regarding the absence of subject matter jurisdiction is consistent with case law from other jurisdictions. *See*

Finally, in *Parks v. United States,* 895 F.2d 1414, 1990 WL 12097 (6th Cir. Feb. 14, 1990), the court stated:

> In the Sixth Circuit, Rule 41(e) cannot be used to remedy a party's failure to file a claim to property seized by and subsequently administratively forfeited to the United States under 21 U.S.C. § 881 when that party has received notice of the proposed forfeiture. *Shaw v. United States of America,* 891 F.2d 602 (6th Cir.1989). By failing to assert ownership of the money in a timely fashion prior to the administrative forfeiture proceeding, Parks is now barred from collaterally attacking the outcome of that proceeding. *Cf. United States v. Filing,* 410 F.2d 459 (6th Cir.1969). The court did not abuse its discretion by refusing to employ Rule 41(e) to undo what was properly done. Further, it is clear that the government complied with the dictates of 19 U.S.C. § 1607(a) by sending a notice of its forfeiture proceeding to Johnson, since he appeared to have an interest in the money. Parks in fact knew of the seizure. Thus, prior to the forfeiture proceeding, Parks could have forced the DEA

*Ibarra v. United States,* 120 F.3d 472 (4th Cir. 1997) ("Based on the clear mandate of the statutory scheme, we conclude, as have other circuits facing the issue, that once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction [to consider a Rule 41(e) motion for the return of property]."); *Linarez v. United States Dept. of Justice,* 2 F.3d 208, 211–212 (7th Cir.1993) ("[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property."); *United States v. McGlory,* 202 F.3d 664, 670 (3d Cir.2000) (*en banc*) (reasoning that, absent a due process challenge to the adequacy of the Government's notice of forfeiture, a district court lacks jurisdiction to consider a suit for return of property after administrative forfeiture proceedings have commenced); *United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 479 (2d Cir.1992) (concluding that after administrative forfeiture proceedings have commenced, a district court lacks subject matter jurisdiction to hear claims regarding the seizure); *United States v. Price,* 914 F.2d 1507, 1511 (D.C.Cir.1990) (reasoning that after the Government initiates an administrative forfeiture proceeding, the district court has no jurisdiction to resolve a claim for the return of seized property); *United States v. Hernandez,* 911 F.2d 981, 983 (5th Cir.1990) (affirming dismissal for lack of subject matter jurisdiction on the basis that claims concerning

to institute such a proceeding or return his property. *U.S. v. $8,850,* 461 U.S. 555, 569, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983).

As pointed out in the thorough opinion of the district court, Parks had a further statutory remedy of filing a petition for remission of the money after its administrative forfeiture. 19 U.S.C. § 1613(a). He did not avail himself of this legal remedy, and thus is not entitled to an equitable one.

In the present case, Gerniski admits that the Government provided constitutionally adequate notice of the forfeiture proceedings against him.[5] (Reply, Doc. # 6 at 6). Despite receiving such notice, Gerniski also admits that he failed to assert an interest in the money by submitting a *timely* claim of ownership and cost bond to the DEA. (*Id.* at 2, 6). Additionally, Gerniski admits that he never filed a petition for mitigation or remission of forfeiture, despite knowing that he had a right to do so. (*Id.* at 2–3). In light of these admissions by Gerniski, the Court concludes, based on the reasoning and citation of authority set forth above, that he cannot use Fed.R.Crim.P. 41(e) to contest the seizure

the seizure of property must be litigated during forfeiture proceedings); *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir.1989) ("It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) Motion, but filing a claim in the civil forfeiture proceeding.").

The Sixth Circuit and other courts have recognized a narrow exception to the foregoing rule that once an administrative forfeiture proceeding has commenced, district courts lack subject matter jurisdiction to entertain a Rule 41(e) motion. That exception applies when a claimant alleges that he did not receive constitutionally adequate notice of the forfeiture. *See, e.g., United States v. Dusenbery,* 114 F.3d 1189, 1997 WL 321148 (6th Cir. June 11, 1997) (noting that "federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice"); *United States v. Ray,* 114 F.3d 1190, 1997 WL 259361 (6th Cir.1997) (same).

**5.** Although Gerniski contends that he was misled by the notice sent to him, he does not dispute that the notice procedure employed by the DEA satisfied due process. (Doc. # 6 at 6). Furthermore, as set forth more fully, *infra,* the Court finds absolutely no basis for Gerniski's suggestion that he was misled by the DEA.

and forfeiture of his money. Having failed to avail himself of the legal remedies provided by statute, he is not entitled to invoke the equitable one provided by Rule 41(e).

In opposition to this conclusion, Gerniski argues at length that the seizure and forfeiture of his money violated the Fourth Amendment. Even if this argument is true, however, Gerniski should have raised it by utilizing the statutory procedures set forth above, and he is not entitled to do so now. *See, e.g., United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231, 1235 (9th Cir.1988) (recognizing that "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation"); *Linarez v. U.S. Dept. of Justice,* 2 F.3d 208 (7th Cir.1993) ("In his complaint, Linarez alleged that his currency was seized without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizures. He could have raised this claim . . . in the administrative proceeding. Alternatively, he could have raised [this claim] in district court after filing a claim of interest and posting a bond with the DEA. Linarez was aware of these procedures, but chose not to avail himself of them.").

As noted above, Gerniski also argues, with little explanation, that the forfeiture notice he received from the DEA misled him into believing he had 30 days to file a claim of ownership and bond, rather than the 20 days actually provided by statute. *See* 19 U.S.C. § 1608. As a result, he suggests that the forfeiture of his money violated his due process rights.[6] Upon review, however, the Court finds absolutely nothing misleading about the notice Gerniski received. In relevant part, the notice stated:

> In addition to or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim of ownership and cost bond with the **DEA**. . . . The claim of ownership, with either bond or

> "Declaration in Support of Request to Proceed *In Forma Pauperis*" must be filed within ***twenty (20) days*** of the ***first date*** of publication of the notice of seizure in the edition of the USA Today newspaper referenced above. . . .

(Doc. #5 at Hieronymus affidavit, Exh. 5) (emphasis in original).

The foregoing notice also plainly identified the first date of publication as August 11, 1999. In addition, it included a detailed recitation of the procedure for filing a petition for remission or mitigation of forfeiture. (*Id.*). Consequently, the Court finds no basis for Gerniski's unexplained contention that the DEA somehow misled him into missing the deadline for filing a claim of ownership and cost bond. In addition, the Court notes that Gerniski never even attempted to file a petition for remission or mitigation of forfeiture. Given that Gerniski failed to avail himself of the statutory procedure set forth above, the Court finds unpersuasive his argument that his due process rights have been violated. Furthermore, insofar as Gerniski alleges a violation of his due process rights, based upon the allegedly "misleading" notice of forfeiture that he received, the Court concludes, for the reasons to follow, that he fails to state a claim upon which relief may be granted.

■ When a plaintiff asserts a due process claim in a Rule 41(e) motion, based upon inadequate notice of the forfeiture proceedings, a district court should construe the motion as a civil complaint seeking equitable relief. *Dusenbery v. United States,* 97 F.3d 1451, 1996 WL 549818 (6th Cir. Sept. 25, 1996). As a result, insofar as Gerniski alleges a due process violation, the Court construes his pending Rule 41(e) Motion as a civil Complaint. In that Complaint, Gerniski alleges that the DEA provided him with a misleading notice of forfeiture, thereby depriving him of his money without affording him due process of law. In response, the United States has filed a Memorandum in

---

**6.** As noted, *supra,* once a forfeiture action has been commenced, a district court lacks subject matter jurisdiction to review the forfeiture, except to ensure compliance with procedural requirements and due process. *See, e.g., United*

*States v. Dusenbery,* 201 F.3d 763, 766 n. 7 (6th Cir.2000) ("We have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice.").

opposition, in which it argues that the notice sent to Gerniski was not misleading. (Doc. # 5). Given that Gerniski's Rule 41(e) Motion must be construed as a civil Complaint, for purposes of his due process argument, the Court will construe the Government's Memorandum in opposition as a Rule 12(b)(6) Motion to dismiss for failure to state a claim.[7]

As a general rule, matters outside the pleadings may not be considered by a district court when ruling on a Rule 12(b)(6) motion to dismiss, without converting the motion into one for summary judgment. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999). Although the allegedly misleading notice of forfeiture is not attached to Gerniski's Motion (*i.e.*, Complaint), the Court is entitled to review the notice of forfeiture attached to the Government's Motion to Dismiss (i.e., Memorandum in opposition), without converting the Motion into one for summary judgment. Even though "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss[,] ... a defendant may introduce certain pertinent documents if the plaintiff fails to do so." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88–89 (6th Cir.1997). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.* at 89, citing *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). Accordingly, the Sixth Circuit has held that " '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.' " *Id.*, quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507 (6th Cir.1999), quoting James Moore, *et al.*, Moore's Federal Practice § 56.30[4] (3d ed.1998) ("Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings.... This occurs when 'a document is referred to in the complaint and is

central to the plaintiff's claim....' In such event, 'the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.' ").

In the present case, Gerniski's "Complaint" alleges that he received a misleading notice of forfeiture, which resulted in a violation of his due process rights. (Doc. # 1). Indeed, a central premise underlying his due process claim is that the DEA's notice of forfeiture misled him into believing that he had 30 days to file a claim of ownership and cost bond. In light of Gerniski's reference to the notice of forfeiture, and its crucial role in this litigation, the Court finds it appropriate to consider the authenticated notice of forfeiture provided by the Government. Based upon the content of that notice, which plainly informed Gerniski of the need to file a claim of ownership and cost bond within 20 days of August 11, 1999, he can prove no set of facts which would entitle him to relief on his due process claim. Without question, the notice of forfeiture provided by the DEA was "reasonably calculated" to apprise Gerniski of the need to file a timely claim and bond. *Cf. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (explaining that the Constitution requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

In another argument, Gerniski attempts to distinguish the Sixth Circuit case law cited by the United States, reasoning:

The Government [c]ites several cases which conclude that once a remedy at law is made available a party cannot bring a Rule 41(e) motion. What distinguishes the instant case from the cases upon which the Government relies is the fact that the Claimant did seek the remedies available at law and more importantly the seizure was unlawful and the Government will be

---

7. The Court will construe the Memorandum filed by the United States as a Rule 12(b)(6) Motion,

rather than one for summary judgment under Rule 56, because no discovery has taken place.

unjustly enriched. The Claimant is therefore entitled to bring his Rule 41(e) motion and to an evidentiary hearing.

(Doc. # 6 at 6).

The Court finds the foregoing arguments to be unpersuasive. Although Gerniski did submit a claim of ownership and cost bond, his submissions were untimely, because he admittedly mailed them one day late. Given that the DEA properly returned the claim of ownership and cost bond to Gerniski for that reason, it cannot be said that he "availed himself" of the remedies provided by law. With respect to Gerniski's assertion that the seizure of his money was unlawful, he could have raised that argument in the civil forfeiture proceedings by filing a timely claim of ownership and cost bond. Having failed to do so, Gerniski is not entitled to equitable relief under Rule 41(e). *Shaw*, 891 F.2d at 603–604; *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) ("Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction.").[8]

Finally, Gerniski cites *United States v. $8,850 in United States Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), to support his reliance upon Rule 41(e). In particular, he cites the Supreme Court's statement that "[i]f the claimant believes the initial seizure was improper, he could file a motion under Federal Rule of Criminal Procedure 41(e) for a return of the seized property." *Id.* at 569, 103 S.Ct. 2005. Gerniski relies upon the foregoing language without addressing the context in which the Court made its statement. In *$8,850 in United States Currency*, the issue before the Court was the Government's 18–month delay in commencing civil forfeiture proceedings. In considering whether the delay was unreason-

able, the Court noted that "[a] claimant is able to trigger rapid filing of a forfeiture action if he desires it." *Id.* at 569, 103 S.Ct. 2005. The Court then noted that a claimant may do so by filing "a motion under Federal Rule of Civil Procedure 41(e) for a return of the seized property." *Id.* The Supreme Court did not address the present issue, namely whether a claimant may rely upon Rule 41(e) after the Government has completed civil forfeiture proceedings and the claimant has failed to use the statutory remedies to contest forfeiture. *Cf. United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1233–1234 (9th Cir.1988) (recognizing the inapplicability of the language relied upon by Gerniski in the present case under similar circumstances). In light of *Shaw* and the other Sixth Circuit cases decided after *$8,850 in United States Currency*, the Court declines, for the reasons set forth more fully above, to permit Gerniski to rely upon Rule 41(e).

As set forth more fully, *supra*, Gerniski cannot invoke Rule 41(e) to mount a collateral attack on the Government's completed forfeiture action, absent evidence that he received constitutionally inadequate notice of the forfeiture proceedings. Such evidence is lacking. In the present case, Gerniski alleges, without explanation, that he was misled by the notice that he received, but he *admits* having received notice that complied with due process. (Doc. # 6 at 6). Given that Gerniski failed to pursue his statutory remedies in a timely manner, despite having been informed of the need to do so, he is foreclosed from seeking equitable relief under Rule 41(e), which simply has no applicability in the present case.[9]

---

8. Parenthetically, the Court notes that after Gerniski failed to file a timely claim of ownership and cost bond, the money at issue was forfeited to the United States, pursuant to 19 U.S.C. § 1609(a), which provides that "[i]f no such claim is filed or bond given within twenty days" of notice, seized property shall be declared forfeited. "A declaration of forfeiture under [§ 1609(a)] shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." *See* 19 U.S.C. § 1609(b).

9. As the Sixth Circuit recognized in *Griffin*, 993 F.2d 1548, 1993 WL 150746 (6th Cir. May 10, 1993):

> ... Criminal Rule 41(e) provides, in part, a means by which a person aggrieved by an unlawful search and seizure or deprivation of property may petition for its return on the ground that such person is entitled to the lawful possession of the property. The law is clear, however, that a Rule 41(e) motion will not serve to challenge the result of a civil forfeiture.

Based on the reasoning and citation of authority set forth above, Gerniski's Rule 41(e) Motion for the Return of Property is hereby overruled. Insofar as Gerniski alleges a violation of his due process rights, this action will be dismissed for failure to state a claim upon which relief may be granted. With respect to all other arguments raised by Gerniski, this action will be dismissed for lack of subject matter jurisdiction.

Judgment will be entered in favor of the United States and against Claimant Charles Gerniski.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.