**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rafael DIAZ, Defendant–Appellant.**

**No. 03–1589.**

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Janice V. Terbush, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Rafael Diaz, Federal Correctional Institute, Cumberland, MD, for Defendant–Appellant.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

## ORDER

Rafael Diaz, also known as Enrique Rafael Arrieta Herrera, appeals pro se from the district court's denial of his motion to return property seized during a criminal investigation. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Diaz was convicted of money laundering and various drug offenses, violations of 18 U.S.C. § 1956(h) as well as 21 U.S.C. §§ 841 and 846. He was sentenced to a total of 360 months of imprisonment, and that sentence was affirmed on direct appeal.

▇ The seized property included an automobile, money orders, and currency. The government filed a civil forfeiture action regarding this property prior to the conclusion of Diaz's criminal trial, and it is clear that he participated in those proceedings. A judgment was entered against him on November 14, 2000, and the disputed property was forfeited to the government.

On December 9, 2002, Diaz filed a motion in his criminal case, seeking the return of his property under former Fed. R.Crim.P. 41(e). Rule 41 was amended on December 1, 2002, and it now provides in pertinent part as follows:

(g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Civ.P. 41(g) (2003). The district court denied Diaz's Rule 41 motion on March 31, 2003, and he now appeals.

We review the denial of Diaz's motion for an abuse of discretion on appeal. *See United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990). The district court did not abuse its discretion here because Diaz's motion was defeated by the prior civil forfeiture of his property. "After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings." *United States v. One 1974 Learjet 24D, Serial Number 24D–290, Mexican Registration XA–RMF,* 191 F.3d 668, 673 (6th Cir.1999).

Diaz now argues that he did not receive adequate notice of the forfeiture proceedings. This argument is refuted by an independent review of the docket sheet in the forfeiture action, which shows that he was an active participant in those proceedings. Thus, we conclude that Diaz cannot relitigate the civil forfeiture of his property by filing a Rule 41 motion in his criminal case. *See id.; Shaw v. United States,* 891 F.2d 602, 603–04 (6th Cir.1989).

■ Diaz also argues that the forfeiture action did not dispose of all of the property that had been seized. However, the description in his brief of "the property sought to be returned" corresponds to the property that was forfeited in the prior civil proceeding. Thus, the district court did not abuse its discretion by finding that all of the disputed property had been forfeited. He also argues that the disputed property was not linked to his drug-trafficking activities. However, he cannot relitigate the substantive basis for the forfeiture by filing a motion under Rule 41. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.