**UNITED STATES of America, Plaintiff,**

v.

**$18,312.00 IN UNITED STATES CURRENCY, Defendant.**

**Case No. 3:10–CV–048.**

United States District Court, S.D. Ohio, Western Division at Dayton.

Nov. 4, 2011.

Pamela M. Stanek, United States Attorney's Office, Dayton, OH, for Plaintiff.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS (Doc. # 29)

THOMAS M. ROSE, District Judge.

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Michael J. Newman (Doc. # 29), to whom this case was referred pursuant to 28 U.S.C. § 636(b) and Fed. R.Crim.P. 59, and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R.Civ.P. 59(b)(2) has expired, hereby ADOPTS said Report and Recommendations.

It is therefore ORDERED that claimant's motion for return of property is DENIED.

## REPORT AND RECOMMENDATION THAT CLAIMANT'S MOTION "FOR RETURN OF PROPERTY" (DOC. 22) BE DENIED

MICHAEL J. NEWMAN, United States Magistrate Judge.

This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6); at issue is $18,312.00 in United States currency. The claimant, Theodore Banks, appears *pro se*. The Government advises that Mr. Banks pled guilty to possession of drug paraphernalia (in violation of O.R.C. § 2925.14(C)(1)) in June 2011, and has since been sentenced. Doc. 24 at 2.

Prior to Claimant's guilty plea and sentence, the Court granted the Government's motion to stay this case. Docs. 15, 16. The Government has since moved to lift the stay, a request which the Court granted. Docs. 24, 25. Prior to the lifting of the stay, Claimant moved for the return of the $18,312.00 here in question. Doc. 22. The Government opposes the motion. Doc. 23.

The motion merits denial on several grounds.

■ First, this is a case-dispositive motion; in other words, if the Court were to grant the motion, and return the funds at issue, the case would be concluded.[1] Such a dispositive motion is premature, as the parties are now engaged in discovery which is not to be completed until January 2012. *See* Doc. 28.

■ Second, Claimant premises his motion under Rule 41(e) of the Federal Rules of Criminal Procedure (now Rule 41(g)).

That statutory provision permits an individual to move for the return of property if he or she is "[a] person aggrieved by an unlawful search and seizure. . . ." Fed. R.Crim.P. 41(g). Rule 41 cannot be relied upon, however, if a claimant has another available adequate remedy at law. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir.1989). Such is the case here. *See United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir.1999) ("[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory proceedings governing civil forfeiture proceedings.").

■ Finally, Claimant suggests that forfeiture cannot occur here because he was never convicted of a felony. However, it has long been held that the conviction of a crime is not a necessary precondition to an *in rem* forfeiture action. *United States v. Ursery*, 518 U.S. 267, 295–96, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (Kennedy, J. concurring) (citing *The Palmyra*, 25 U.S. 1, 12 Wheat. 1, 14–15, 6 L.Ed. 531 (1827)).

The Court therefore **RECOMMENDS** that claimant's motion for return of property be **DENIED**.

October 12, 2011

---

1. Accordingly, this opinion is a Report & Recommendation, not an Order. *See* Fed. R.Civ.P. 72(a).