RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0301p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DOROTHY BROWN,

          *Plaintiff-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

          *Defendant-Appellee.*

No. 11-3612

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:11-cv-655—Christopher A. Boyko, District Judge.

Decided and Filed: September 5, 2012

Before: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; COHN, District Judge.[*]

_____

### COUNSEL

_____

**ON BRIEF:** James R. Willis, Cleveland, Ohio, for Appellant. Herbert J. Villa, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

### OPINION

_____

GRIFFIN, Circuit Judge. Plaintiff Dorothy Brown appeals the district court's dismissal of her motion seeking money seized by defendant United States and subject to forfeiture in the criminal prosecution of her ex-son-in-law Kenneth Cooper. We affirm.

Cooper was one of several co-defendants charged with, inter alia, conspiracy to violate federal drug laws. *See United States v. Ugochukwu*, No. 1:10CR405, 2011 WL

_____

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

4007403, at \*3 (N.D. Ohio, Sept. 9, 2011).  He allegedly stored proceeds of this criminal activity in a safe at Brown's residence.   After obtaining Brown's consent, law enforcement officers searched her residence and recovered $102,570 from the safe.  That money was then identified in a bill of particulars in Cooper's criminal proceeding on October 22, 2010.  Brown was notified by letter dated November 12, 2010, that the money recovered from the safe would be subject to forfeiture.  Cooper eventually pled guilty to the charges and agreed to the forfeiture of the seized currency, including the $102,570.

On December 16, 2010, Brown filed a claim for the $102,570 in an administrative proceeding with the Federal Bureau of Investigation.  A few months later, on March 31, 2011, she filed this motion for return of the money in the United States District Court for the Northern District of Ohio, under Federal Rule of Criminal Procedure 41(g), 18 U.S.C. § 983, and the Due Process Clauses of the United States Constitution.   In her motion, Brown argued that the government did not timely commence a civil forfeiture action after she filed the December 16, 2010, administrative claim and that the money could not be forfeited criminally because the government failed to include it in an indictment.  The district court dismissed the suit, concluding that it lacked jurisdiction pursuant to 21 U.S.C. § 853(k)(2).

On appeal, Brown contends that the district court erred in dismissing her motion for three reasons:  (1) the grand jury did not find probable cause to believe that the $102,570 was forfeitable because the money had not yet been discovered at the time of the original indictment; (2) the government failed to comply with 18 U.S.C. § 983(a)(3)(B) because it did not obtain a criminal indictment containing an allegation that the property was subject to forfeiture before the time for filing a complaint had expired; and (3) there were other claims besides the return of the seized money raised in the motion before the district court, i.e., Brown allegedly "[a]lso sought . . . some vindication of Fourth Amendment Rights.  For if appellant's consent to the search was involuntary and for that reason illegal, she was wronged."  We find these arguments unavailing.

The district court correctly concluded that it lacked jurisdiction over Brown's motion for return of the money. Under 21 U.S.C. § 853(k)(2), a third party asserting an interest in a forfeiture proceeding is "expressly barred . . . from 'commenc[ing] an action at law or equity against the United States concerning the validity of [her] alleged interest in the property[.]'" *United States v. Douglas*, 55 F.3d 584, 586 (11th Cir. 1995) (quoting 21 U.S.C. § 853(k)(2)). "A third party's only avenue for protecting [her] interest is the procedure set forth in 18 U.S.C. § 853(n), which provides that '[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section' may 'petition the court for a hearing to adjudicate the validity of [her] alleged interest in the property.'" *United States v. Wade*, 255 F.3d 833, 837 (D.C. Cir. 2001); *see also United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) (explaining that § 853(k) "bars third parties . . . from bringing independent suits against the United States once an indictment alleging that the property is subject to forfeiture has been filed"). Because Brown brought this suit after the government filed the indictment and bill of particulars in Cooper's criminal case, her suit is barred by § 853(k)(2).

Brown's assertion that the government unlawfully included the $102,570 in the criminal case against Cooper does not change things. Indeed, unless and until Brown establishes a legal interest in the money, which she can only do now through a § 853(n) proceeding, her claims that the government failed to comply with 18 U.S.C. § 983(a)(3)(B) and that the grand jury lacked probable cause to believe the money was forfeitable do not help her at all. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1146 (9th Cir. 2011) (noting that "if the third parties do not have a superior interest and are not bona fide purchasers, then any ruling that the forfeitability of the property was legally deficient would not accrue value to the third parties, because they have no interest in the property"). Moreover, contrary to Brown's contention, her due process rights are not implicated by the dismissal of this suit because she may bring her challenges to the legality of the forfeiture in the § 853(n) proceeding. *See, e.g., id.* at 1143 (internal quotation marks and citation omitted) (explaining that defendants "may adequately protect their interest in the funds . . . in the ancillary

proceeding under § 853(n)" and "may present *all legal arguments* that might bar the government's forfeiture in [that] proceeding[]"). We hold that Brown's motion was properly dismissed pursuant to § 853(k)(2).

Additionally, Brown's motion fails because she has an adequate remedy at law. In *Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989), a plaintiff filed a motion for the return of government-seized property under the former Rule 41(e), now Rule 41(g). *See De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006) ("Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g) without substantive change."). The district court granted the government's motion to dismiss the suit, and, on appeal, we affirmed. We noted that "[o]nce the government initiated civil proceedings against [the plaintiff], she was required to follow the statutory procedures set out in 19 U.S.C. §§ 1608 and 1618," and instead of following those procedures, "[she] ignored [them] and sought to use the equitable remedy rather than pursuing the legal remedy." *Id.* at 603. We held that equitable relief was not available in these circumstances because "[u]nder standard equity doctrine, where there is an adequate remedy at law it must be pursued." *Id.*; *see also De Almeida*, 459 F.3d at 382 ("A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law . . . ."); *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000) (noting that "a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property"). Because 18 U.S.C. § 853(n) provides Brown with an adequate remedy at law for the purpose of vindicating her interest in the $102,570, she is not entitled to equitable relief.[1]

AFFIRMED.

---

[1] Brown also has an adequate remedy at law for any violation of her Fourth Amendment rights in the form of a suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Thus, her suggestion that the Rule 41(g) motion should not have been dismissed because she also sought relief for a Fourth Amendment violation is likewise unavailing.