**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Godwin FOFO, Defendant–Appellant.**

No. 03–4613.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2004.

Before KRUPANSKY and CLAY,
Circuit Judges; and HAYNES, District
Judge.*

---

*ORDER*

Godwin Fofo, a pro se federal prisoner, appeals a district court order denying his "Motion for Claim of Ownership" construed as filed under Fed.R.Crim.P. 41(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a traffic stop and search of Fofo's apartment in 1998, police seized 670.48 grams of heroin and $18,850 in cash. A federal jury convicted Fofo of possessing heroin with intent to distribute in 1999. He was sentenced to 78 months in prison. The criminal judgment against him did not include forfeiture of the currency. Instead, the government initiated administrative forfeiture proceedings and served notice on Fofo and his fiancee, Ouleye Dieng. Dieng alone filed a claim to the currency, forcing the government to file a civil forfeiture action in the district court. The government again served notice on Dieng and Fofo by mail and by publication. After Dieng failed to appear for a deposition, the district court entered a default

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

judgment and decree of forfeiture on October 2, 2001.

Fofo filed his instant motion in 2003, asserting that the currency was seized without due process of law. The district court denied the motion, reasoning that it lacked jurisdiction to consider the matter in the context of a closed criminal case.

In his timely appeal, Fofo essentially reasserts his argument.

The district court properly concluded that it lacked subject matter jurisdiction. *See United States v. Griffin,* No. 92–2367, 1993 WL 150746, at *1 (6th Cir. May 10, 1993) (unpublished). A person aggrieved by an unlawful search and seizure or deprivation of property generally may petition for its return pursuant to Fed. R.Crim.P. 41(g) (former version at Rule 41(e)). However, relief is not available under the Federal Rules of Criminal Procedure to challenge the result of a civil forfeiture. *See* Fed.R.Crim.P. 1(a)(5)(B) (former version at Rule 54(b)(5)); *Shaw v. United States,* 891 F.2d 602, 603 (6th Cir. 1989).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.